IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00096-GPG

ROB ALLEN PATTERSON,

    Plaintiff,

v.

JEFFERSON COUNTY JAIL, et al.,
CORRECT CARE SOLUTIONS, et al., and
ARAMARK FOOD SERVICES, et al.,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff initiated this action on January 14, 2016, by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 seeking money damages and injunctive relief.  In an order (ECF No. 5) filed on January 20, 2016, Magistrate Judge Gordon P. Gallagher directed Plaintiff to file an amended complaint if he wanted to pursue his claims in this action.  Magistrate Judge Gallagher determined that the Complaint did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because Plaintiff failed to provide a short and plain statement of the claims showing he is entitled to relief.  Magistrate Judge Gallagher specifically advised Plaintiff of the factual allegations necessary to support a § 1983 claim and the standards for municipal liability.  Magistrate Judge Gallagher also warned Plaintiff that if he failed to file an amended complaint that complies with the pleading requirements of Rule 8 within thirty days, the action would be dismissed without further notice.

Plaintiff submitted a "Motion for Emergency Relief Due to Refusal to Treat Threatening Medical Condition" (ECF No. 7) on February 4, 2016, a letter (ECF No. 8) on February 11, 2016, and a second letter (ECF No. 9) on February 16, 2016.  In a minute order (ECF No. 10) filed on February 17, 2016, Magistrate Judge Gallagher informed Plaintiff that the documents submitted to the Court did not comply with the January 20 order.  Magistrate Judge Gallagher further instructed Plaintiff that he must file an amended complaint, on the court-approved Prisoner Complaint form, that complies with directives of the January 20 order, which includes satisfying the requirements of Rule 8 of the Federal Rules of Civil Procedure, identifying the individually named defendants that personally participated in the asserted constitutional violation or alleges specific facts that demonstrate an injury caused by a municipal policy or custom, and sets forth all relevant factual allegations in support of the claims for relief.  A copy of the Prisoner Complaint form was mailed to Plaintiff.  Magistrate Judge Gallagher finally warned Plaintiff that failure to file an amended complaint, within thirty days of the February 17 minute order, would result in a dismissal of the action without further notice.  Despite this warning, Plaintiff has not filed an amended prisoner complaint within the time allowed.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons discussed below, the action will be dismissed.

The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The Court agrees with Magistrate Judge Gallagher that the Complaint (ECF No. 1) does not provide a short and plain statement of the claims Plaintiff is asserting against Defendants that demonstrate he is entitled to relief. Furthermore, despite the

specific instructions provided by Magistrate Judge Gallagher, Plaintiff has failed to file an amended complaint that clarifies his claims, identifies individually named defendants that personally participated in the constitutional violations, or alleges facts that demonstrate an injury caused by a municipal policy or custom.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

The action will be dismissed because the Complaint does not comply with the pleading requirements of Rule 8. The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in

accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Complaint (ECF No. 1) and the action are **dismissed without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff failed to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this   25th   day of   March            , 2016.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court